IN THE UNITED STATES IDSTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA W. PALMER,
P.O. Box 1386
Princeton, TX  75407,

      *Plaintiff,*

  v.

FEDERAL ELECTION COMMISSION
1050 First Street, NE
Washington, DC  20463,

      *Defendants.*

Civil Action No. 1:22-cv- 2876

**ORIGINAL COMPLAINT**

# COMPLAINT
## SEEKING JUDICIAL REVIEW OF ADMINISTRATIVE ACTION

## INTRODUCTION

1,     This is an action under the Federal Election Campaign Act ("FECA" or the "Act") 52 U.S.C. §30109(a)(8)(A), for dismissal of an administrative complaint.  Plaintiff is seeking a complete and through investigation by the Federal Elections Commission ("FEC") for all transactions made during the 2020 election campaign cycle between and by the United States Elections Assistance Commission ("EAC") and its vendor, the Center for Tech and Civic Life ("CTCL") and related parties.  The FEC has failed to properly investigate these matters.

1

2.      The FEC issued its administrative finding on July 26, 202, and that FEC finding, along with a cover letter was sent via email to Plaintiff on August 8, 2022. *Ex. 1*. This request for judicial review is, therefore, timely filed. 52 U.S.C. § 30109(a)(8)(B).

**JURISDICTION & VENUE**

3.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 52 U.S.C. § 30109(a)(8)(A). This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4.      Venue lies in this district under 52 U.S.C. § 30109(a)(8)(A).

**PARTIES**

5.      Plaintiff, Barbara W. Palmer ("Plaintiff), is an individual, over the age of 18 years, eligible to vote in United States federal elections, and registered as a voter in the State of Texas. Plaintiff is representative of all United States citizens, regardless of political party affiliation, that seek to protect their most basic right to have meaningful participation in electing their political leaders.

6.      Defendant FEC is an independent federal agency charged with the administration and civil enforcement of FECA. 52 U.S.C.§ 30106(b).

**FACTS**

7.      Plaintiff seeks to compel the FEC to act on Plaintiff's Administrative Complaint alleging violation of FECA, BCRA, and Federal Election Commission regulations as codified under the United States Code of Federal Regulations (C.F.R.). The Administrative Complaint alleges that as much as $400 million was transferred as illegal and prohibited contributions to

political candidates and campaigns through illegal *quid pro quo* in violation of 52 U.S. § 30119; 52 U.S.C. §30122 and corresponding FEC regulations prohibiting contributions by government contractors. *Ex. 2.*

8. Plaintiff filed an Administrative Complaint with the FEC on November 7, 2021, alleging that the Center for Tech and Civic Life, *et. al.* (together, the "Administrative Respondents") formed a public/private partnership with the EAC, thereby becoming a vendor, and received funding and support from a governmental agency.

9. The Administrative Complaint further alleges that these government payments were then funneled across multiple states in a *quid pro quo* scheme designed to tilt the 2020 federal elections in favor of specific candidates.

10. These political contributions were significant in amount, both direct and indirect, made during the 2020 election campaign cycle. and appear to be designed with the intent to tilt the 2020 federal elections toward one political party and its candidate(s) for U.S. President and various federal offices across multiple states.

## **REQUEST FOR JUDICIAL REVIEW**

11. The Act provides administrative complainants with a cause of action against the FEC if the agency fails to properly investigate an administrative complaint. 52 U.S.C. §30109(a)(8)(A).

12. FECA defines the term "contribution" to include "any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal office. 52 U.S.C. 30191(8)(A)(i); 11 C.F.R. 100.52.

13. In this case, not only did the FEC fail to make significant inquiry about a $400 million dollar transaction(s) as a potential political contribution, but the FEC failed to carefully

examine the possible *ultra vires* actions of the EAC that may have violated federal procurement laws, leading to federal election code violations.

14. The FEC wholly failed to address the issues raised in Plaintiff's Administrative Complaint in its response, or to make proper referral as required by law.

15. In the Administrative Complaint, the FEC was provided with two possible sources of the funds that the CTCL used to fund state and local election offices during the 2020 federal election cycle. One of those sources was the EAC, using funds approved by the United States Congress as a part of the CARES Act. *Ex. 2, EAC 2020 Annual Report, p. 17, Line 1, et. seq.*

16. The other sources of funds that CTCL could have used to fund state and local election offices during the 2020 federal election cycle was from the CTCL itself, funded by contributions from mostly one or two private donors. See, *Ex. 3; CTCL Form 990.*

17. The CTCL was formed as and collected these funds as a 501(c)(3) non-profit corporation. 26 U.S.C. §501(c)(3). Exhibits attached to Plaintiff's Administrative Complaint showed that the CTCL only acknowledges receipt of funds from the private donors. *Ex 3, CTCL Form 990*. The CTCL did not acknowledge receipt of government contractor funds from the EAC, which should have been reported as earned business income (not tax-exempt donations) on its Form 990 federal tax return. At the least, the FEC should have investigated the question of whether taxpayer dollars were used to fund the CTCL, and whether this partnership was authorized or violated federal election laws. Plaintiff would seek to have the FEC go further and perform a complete audit of the EAC contracting process.

18. Plaintiff, therefore, requests that this Court declare the FEC's failure to perform a proper investigation on Plaintiff's Administrative Complaint as contrary to law and order the FEC to conform within 30 days.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff requests that this Court:

(1) Declare that the FEC's failed to properly investigate Plaintiff's Administrative Complaint as required by law under 52 U.S.C. 30109.

(2) Order the FEC to conform with such declaration within 30 days pursuant to 52 U.S.C. 30109.

(3) Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

(4) Grant such other relief the Court may deem just and proper.

Date: September 22, 2022.

Respectfully submitted,

/S/ *Barbara W. Palmer*

Barbara W. Palmer
Attorney, *pro se*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing complaint will be served as soon as the summons is available on the following persons by certified mail, return receipt requested, and that a courtesy copy will be emailed to Kevin Deeley, FEC's Associate General Counsel for Litigation, at kdeeley@fec.gov:

Office of the General Counsel
Federal Election Commission
1050 First Street NE
Washington, DC 20463

And

Attorney General of the United States Merrick Garland
c/o Assistant Attorney General for Administration
Justice Management Division
950 Pennsylvania Ave. NW
Room 1111
Washington, D.C. 20530

And

Matthew M. Graves
United States Attorney for the District of Columbia
Civil Process Clerk
555 4th St. NW
Washington, D.C. 20001

/S/ *Barbara W. Palmer*
Barbara W. Palmer
Attorney at Law