UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA W. PALMER,

    Plaintiff,

    v.

FEDERAL ELECTION COMMISSION,

    Defendant.

Case No. 22-cv-2876 (CRC)

## MEMORANDUM OPINION

The Federal Election Commission ("FEC") unanimously dismissed a complaint filed by Texas attorney Barbara W. Palmer accusing the non-profit organization Center for Tech and Civic Life ("CTCL") of violating campaign finance laws during the 2020 federal election cycle. Palmer challenges the dismissal through this suit. Agreeing with the FEC that Palmer fails to identify a concrete injury flowing from the dismissal, the Court will grant its motion to dismiss the case for lack of standing.

### I.  Background

CTCL provides grants to state and local governments to help increase voter turnout and modernize elections. Its stated mission is to "promote civic engagement . . . between local governments and the people they serve." Notification to Barbara W. Palmer at 3 ("FEC Notification"), https://www.fec.gov/files/legal/murs/7946/7946_24.pdf (citing CTCL et al. Resp. at 2). Plaintiff Barbara Palmer begs to differ. CTCL's true aim, says Palmer, is electing Democratic candidates by targeting its grants, some of which are funded with federal money, at big cities and other progressive strongholds. Administrative Compl. ¶¶ 6, 46.

In 2021, Palmer filed a complaint with the FEC alleging that CTCL's provision of grants funded by the United States Elections Assistance Commission ("EAC") violated the Federal

Election Campaign Act ("FECA"). Compl. ¶¶ 1, 7. In July 2022, the FEC, by a 6–0 vote, found "no reason to believe" that any violations had occurred. Mot. Dismiss at 5 (citing FEC, MUR 7946 Certification, https://www.fec.gov/files/legal/murs/7946/7946_23.pdf); 52 U.S.C. § 30109(a)(2). The FEC closed its file and dismissed the matter that same day, noting that "[t]he available information[] [did] not suggest that the funds were granted" to influence a federal election. FEC Notification at 14.

This suit followed. Palmer asserts that the FEC's dismissal of her complaint was contrary to law. Compl. ¶ 18. She seeks the following relief: (1) a declaration "that the FEC failed to properly investigate Plaintiff's Administrative Complaint," (2) an order that "the FEC [] conform with such declaration within 30 days," and (3) an award of attorney's fees.[1] Id. at 5. The FEC now moves to dismiss for lack of standing and Palmer opposes.[2]

**II. Analysis**

A. Standing

A challenge to standing is properly raised under Federal Rule of Civil Procedure 12(b)(1). Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987). To establish standing, the party invoking federal jurisdiction must establish: (1) an "injury in fact" (2) that is "fairly . . .

---

[1] Although Palmer is a lawyer, she cannot obtain attorney's fees as a *pro se* litigant. See Kooritzky v. Herman, 178 F.3d 1315, 1320–21 (D.C. Cir. 1999).

[2] This is not the only federal lawsuit concerning CTCL's activities during the 2020 cycle: As far as the Court can tell, however, all of these cases, brought by an assortment of voters, non-profits, and newly formed associations, have been dismissed for lack of standing. See Minn. Voters All. v. City of Minneapolis, Civil File No. 20-2049 (MJD/TNL), 2020 WL 6119937 (D. Minn. Oct. 16, 2020); Tex. Voters All. v. Dallas County, 495 F. Supp. 3d 441, 472 (E.D. Tex. 2020); Gibson v. Frederick County, Civil Case No.: SAG-22-1642, 2022 WL 17740406, at *6 (D. Md. Dec. 16, 2022); Iowa Voter All. v. Black Hawk County, 515 F. Supp. 3d 980, 994 (N.D. Iowa 2021); Pa. Voters All. v. Centre County, 496 F. Supp. 3d 861, 872 (M.D. Pa. 2020); Wis. Voters All. v. City of Racine, No. 20-C-1487, 2021 WL 179166, at *3 (E.D. Wis. Jan. 19, 2021).

trace[able] to the challenged action of the defendant" and (3) that can be "redressed by a favorable decision." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992) (citations omitted). At the pleading stage, plaintiffs must "'clearly . . . allege facts demonstrating' each element." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975)). The Court must "accept the well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff[s'] favor." Arpaio v. Obama, 797 F.3d 11, 19 (D.C. Cir. 2015). But "[t]hreadbare recitals of the elements of [standing], supported by mere conclusory statements, do not suffice." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Palmer's complaint appears to allege only a procedural injury, namely "that the FEC[] failed to properly investigate [her] Administrative Complaint." Compl. at 5. The FEC moves to dismiss the suit on standing grounds, contending that Palmer cannot show a concrete and particularized injury based on the alleged FECA violation. Mot. Dismiss at 10–12. A "concrete" injury must be "real," rather than "abstract," and a "particularized" injury must "affect the plaintiff in a personal and individual way." Spokeo, 578 U.S. at 339–40 (citations omitted).

Palmer counters that the FECA allows her to file suit. But FECA's citizen-suit provision "confers a right to sue upon parties who otherwise already have standing." Common Cause v. FEC, 108 F.3d 413, 419 (D.C. Cir. 1997). Palmer thus must show she suffered a "discrete injury" flowing from the supposed FECA violation she alleged in her administrative complaint. Id. Palmer tells the Court that she is "registered as a voter in the State of Texas" and "representative of all United States citizens . . . that seek to protect their most basic right to have meaningful participation in electing their political leaders." Compl. ¶ 5. That is the extent of her claimed injury. But a mere interest in the "proper administration of the laws" does not amount to

3

a concrete injury sufficient to establish standing. See Campaign Legal Ctr. v. FEC, 860 F. App'x 1, 4 (D.C. Cir. 2021) (citation omitted). "To hold otherwise would be to recognize a justiciable interest in having the Executive Branch act in a lawful manner," which the Supreme Court has foreclosed for purposes of standing. Common Cause, 108 F.3d at 419. Palmer has failed to plead any personal stake affected by, or a close relationship to any harm resulting from, the FEC dismissal.

Perhaps sensing that her asserted procedural injury falls short, Palmer raises an informational theory of standing for the first time in her opposition brief. See FEC v. Akins, 524 U.S. 11, 24–25 (1998); see also Friends of Animals v. Jewell, 828 F.3d 989, 992 (D.C. Cir. 2016) (holding that a plaintiff suffers an informational injury where a statute requires the government to publicly disclose information sought, the denial of which would cause plaintiff the type of harm Congress sought to prevent by requiring disclosure). In short, Palmer claims an entitlement to the disclosure of information relating to "CTCL/EAC transactions with all State and local election offices." Opp'n at 9. But Palmer fails to specify any omitted disclosures in her present complaint.[3] Adding these claims for the first time in an opposition brief, when no facts in the complaint support this theory, won't do. See Campaign Legal Ctr., 860 F. App'x at 5–6 (rejecting the plaintiff's alleged informational injury on appeal because neither the administrative complaint nor the federal court complaint contained allegations that the plaintiff was injured by asserted non-disclosure). While the Court may look to materials outside the complaint in assessing standing, Garnett v. Zeilinger, 323 F. Supp. 3d 58, 65 (D.D.C. 2018), the

---

[3] Palmer asserts that her primary administrative complaint "centered around the lack of disclosure or audit of transactions" involving the partnership between EAC and CTCL. Opp'n at 2. But an examination of her administrative complaint reveals no discussion of any such omitted disclosures or audits.

appropriate way of putting evidence before the court in this context is through a sworn declaration or other competent proof, which Palmer has not done. See, e.g., Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp., 585 F. Supp. 3d 63, 70 (D.D.C. 2022).

Even if the Court could consider Palmer's informational injury at this stage, the assertions in her brief are deficient. First, Palmer fails to explain how she has been hurt in any way by the purported lack of disclosures or how the undisclosed information is "related to [her] informed participation in the political process." Campaign Legal Ctr. v. FEC, 31 F.4th 781, 789 (D.C. Cir. 2022) (quoting Nader v. FEC, 725 F.3d 226, 230 (D.C. Cir. 2013)). Moreover, to the extent Palmer seeks required disclosures about transactions between CTCL and others, the FEC notes that the information sought "is already available from another source." Reply at 1. Indeed, CTCL's Form 990, a required disclosure form for certain 501(c)(3) organizations, exhaustively lists every grant that CTCL provided in the 2020 tax year, by county and amount. Department of the Treasury, Instructions for Form 990 Return of Organization Exempt From Income Tax (2022), https://www.irs.gov/pub/irs-pdf/i990.pdf; Addendum to Administrative Compl., https://eqs.fec.gov/eqsdocsMUR/7946_06.pdf (MUR 7946). Palmer herself included these disclosures in her administrative filings. Opp'n at 3–4; see Vroom v. FEC, 951 F. Supp. 2d 175, 178–79 (D.D.C. 2013) (dismissing suit because information sought had already been publicly disclosed and plaintiff himself had relied on these disclosures in his filings before the FEC). Palmer fails to identify any additional mandatory disclosures. See Campaign Legal Ctr., 31 F.4th at 790 (citations omitted) (noting that disclosure request that would result in "duplicative reporting" or "add only a trifle to the store of information about the transaction already publicly available" is insufficient). All that dooms any claim of informational standing.

In sum, the main gripe in Palmer's suit is that the FEC failed to properly investigate and take action on her administrative complaint. Compl. ¶ 18. But that alone is not a concrete injury sufficient to confer standing. And the assertion of informational standing in Palmer's briefing comes too late and falls way short.[4]

### III. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss. A separate Order will follow.

CHRISTOPHER R. COOPER<br>
United States District Judge

Date: August 29, 2023

---

[4] In her opposition, Palmer also attempts to "base jurisdiction on whether the FEC acted 'expeditiously' in reviewing her administrative complaint." Reply at 3 (citing Opp'n at 10–11). This issue, however, is moot. The agency has already taken final action on the complaint. See Nohria v. Renaud, No. 20-cv-2085, 2021 WL 950511, at *5 (D.D.C. Mar. 14, 2021).